■ ESPERANZA CAMPBELL et al., Respondents, v MARK I. FUNT et al., Appellants, et al., Defendant. [754 NYS2d 673] —In an action to recover damages for medical malpractice and wrongful death, etc., the defendants Mark Ian Funt and Stony Brook OB/GYN appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated November 19, 2001, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and third causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The daughter of the plaintiffs Esperanza Campbell (hereinafter Esperanza) and Robert Campbell (hereinafter Robert) died two days after she was born because she contracted a Group B strep infection from her mother during childbirth. The first and second causes of action sought to recover damages for the personal injuries sustained by Esperanza as a result of the defendants' alleged malpractice in failing to diagnose and treat her Group B strep infection, thereby allowing her daughter to contract the infection and die, and the third cause of action sought to recover damages sustained by Robert for the loss of services occasioned by his wife's injuries.

The appellants contend that the causes of action to recover damages sustained by Esperanza and Robert should have been dismissed since Esperanza did not suffer an independent physical injury as a result of the appellants' alleged malpractice and, therefore, Esperanza and Robert do not have legally cognizable claims. The appellants characterize Esperanza's injuries as psychological and emotional in nature and contend that recovery for mental or emotional injuries suffered by a third party as a result of physical injuries sustained by another is barred (*see Howard v Lecher,* 42 NY2d 109).

However, the plaintiffs are not seeking to recover for emotional injury related to the death of the baby. Instead, they allege that, as a result of the defendants' malpractice in failing to diagnose and treat Esperanza's Group B strep infection, thereby allowing the baby to contract the infection and die, Esperanza suffered a recurrence of a preexisting condition of schizophrenia. In an affidavit submitted in opposition to the appellants' motion, Esperanza's physician described her injury as an exacerbation of a chronic disease characterized by physical changes and physical deterioration of the brain. Therefore, the appellants' motion to dismiss the first, second, and third causes of action insofar as asserted against them was properly denied. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.